# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 3441 | **DATE** | 7/9/2010 |
| **CASE TITLE** | Shaun Brame (2007-0037972) vs. Dart, et al., | | |

## DOCKET ENTRY TEXT

Plaintiff's motion for leave to proceed *in forma pauperis* [5] is granted. The Court authorizes and orders Cook County Jail officials to deduct $1.00 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. Defendants Cermak Health Services, Salvador Godinez, Superintendent Snooks, and Dr. Hart are dismissed from this action. The Clerk shall issue summons to Defendant Sheriff Thomas Dart and send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order.

■[For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Shaun Brame, presently a pretrial detainee at Cook County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $1.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints.

Plaintiff alleges that from September 20, 2008 through October 2, 2008, he was denied his psycho tropic medications by an unknown nurse. As a result of not receiving his medication, Plaintiff swallowed several pills in an attempt to commit suicide. After swallowing the pills, Plaintiff asked an unknown correctional officer for medical attention. The correctional officer refused to let Plaintiff see a medical provider, telling Plaintiff, "so what, everybody swallows pills."

Plaintiff names Cermak Health Services as a Defendant. Cermak Health Services is dismissed from this action because it is not a suable entity. *See Glass v. Fairman*, 992 F. Supp. 1040, 1043 (N.D. Ill. 1998). Plaintiff also names Sheriff Tom Dart, Director Salvador Godinez, Superintendent Snooks, Director Dr. Hart, and unknown correctional officers and an unknown nurse as Defendants.

Liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must

| STATEMENT |
|---|

have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Although direct participation is not required, there must be at least a showing that the individual acquiesced in some demonstrable manner in the alleged constitutional violation. *See Palmer*, 327 F.3d at 594; *see also Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002) (a supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of respondeat superior, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation). Furthermore, an individual is only liable in their official capacity under Section 1983 if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978). Plaintiff does not make any allegations of personal involvement as to the named Defendants.

Furthermore, Plaintiff has not alleged an official capacity claim against the named Defendants. Claims filed against government officers in their official capacity are actually claims against the government entity for which the officers work. *See Kentucky v. Graham*, 473 U.S. 159, 167 (1985); *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). A governmental entity is liable for damages under Section 1983 only if the plaintiff can show that the alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *See Monell v. Department of Social Serv.*, 436 U.S. 658, 692 (1978) Unconstitutional policies or customs generally take three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a usage or custom with the force of law; or (3) a constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1013 (7th Cir.2000). Plaintiff does not plead a policy, custom, or practice to hold the supervisory officials liable in their official capacity. Thus, Plaintiff has failed to allege any claims against these supervisory Defendants.

Plaintiff does state a claim against the unknown Defendants. However, service cannot be effected on the unknown Defendants. Plaintiff must name specific individuals who allegedly violated his constitutional rights. Because Plaintiff does not know the names of the individuals involved, the Court will allow the case to proceed against Sheriff Dart, but only for purposes of allowing Plaintiff to learn the identities of the proper Defendants. See *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995) (when a plaintiff does not know the names of the persons who actually injured him, the law permits the Court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor); see also *Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996) (the district court must assist *pro se* litigants in determining the identities of unnamed defendants). Once Plaintiff has obtained service on Sheriff Dart and an attorney has entered an appearance on his behalf, Plaintiff should send defense counsel interrogatories eliciting information regarding the identity of the Defendants who allegedly violated Plaintiff's constitutional rights. *See* Fed. R. Civ. P. 33. After Plaintiff learns the Defendants' identities, he should ask leave to amend the complaint to substitute his/her names for that of the unknown Defendants. Summonses would then issue for service on the Defendants in interest and Sheriff Dart will be dismissed.

The Clerk shall issue summons for service of the complaint on Defendant Sheriff Dart. The Clerk shall dismiss Defendants: Cermak Health Services, Superintendent Godinez, Superintendent Snooks and Dr. Hart.

The United States Marshals Service is appointed to serve Defendant Sheriff Dart. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the Defendants. The Marshal is authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.